**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CR-544 CAS |
| | ) | |
| MARVIN FORD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge Audrey G. Fleissig. On December 28, 2005, Judge Fleissig filed a Report and Recommendation of United States Magistrate Judge which recommended that defendant's Motion to Suppress Evidence and Statements and Request for Disclosure of Confidential Informant be denied.

Defendant Marvin Ford filed general objections to the Magistrate Judge's Report and Recommendation on January 12, 2006.[1] Defendant objected to the Report and Recommendation as being contrary to the facts of the case and relevant case law. Defendant Ford asserted that (1) the search of the residence was based on an invalid search warrant and therefore violated his Fourth Amendment right against illegal search and (2) he was arrested without probable cause or a valid arrest warrant and therefore any statements made by him were the product of an illegal arrest. Defendant also requests that the Court order the disclosure of the confidential informant in this case. The Court assumes that defendant's general objections are sufficient to require de novo review.

---

[1]The Court will grant defendant's motion to file his objections out of time.

The Court has carefully and independently reviewed the full record, and has listened to tapes of the evidentiary hearing held in this matter on December 22, 2005. First, the Court finds that there was probable cause for the issuance of a search warrant. "Probable cause exists, if under the totality of circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." United States v. Carpenter, 422 F.3d 738, 744 (8th Cir. 2005) (internal citations omitted). In this case, the affidavit in support of the search warrant relied on information from a confidential informant and an independent investigation of that information by the police . "Information [from a confidential informant] may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). Probable cause was shown by the independent police investigation, which corroborated information from a reliable confidential informant. See Carpenter, 422 F.3d at 744.

Second, the Court finds that the police had probable cause to arrest Ford and any statements made by him are admissible. Probable cause for a warrantless arrest "exists at the time of arrest where the available facts and circumstances are sufficient to warrant a person of reasonable caution to believe that an offense was being or had been committed by the person to be arrested." United States v. Kelly, 329 F.3d 624, 628 (8th Cir. 2003). The totality of circumstances at the time of Ford's arrest included information from a confidential informant that Ford was selling cocaine from his residence, Officer Owens's surveillance of Ford's residence, and the officers' observation that Ford's possessed what appeared to be a marijuana blunt. Based on all of this available evidence, the police had probable cause to arrest Ford without a warrant. Also, the Court finds that the search of

Ford's pockets and retrieval of the marijuana blunt and cocaine in Ford's pocket was lawful. If an individual is arrested, "the officer may search the individual's person incident to that arrest and may reach into his pockets." United States v. Pratt, 355 F.3d 1119, 1121 (8th Cir. 2004).

Third, the Court finds that defendant's statements to police were not the fruit of an unlawful search and seizure and that defendant was advised of his Miranda rights. See Miranda v. Arizona, 384 U.S. 436 (1966). Because the arrest was lawful, any statements made by defendant should not be suppressed as being "fruit" of an illegal arrest. The Court adopts the Magistrate Judge's factual determination that defendant was advised of his rights prior to making any statements. The Court also adopts the Magistrate Judge's determination that defendant's statements were not the result of interrogation or any words or actions on the part of police that would be reasonably likely to elicit a response. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

Finally, the Court finds that defendant's request for disclosure of the confidential informant identity should be denied. "The government has an obligation to disclose the identity of a confidential informant where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." United States v. Sanchez, 429 F.3d 753, 756 (8th Cir. 2005) (citations omitted). "The defendant has the burden of showing that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants." United States v. Crenshaw, 359 F.3d 977, 1005 (8th Cir. 2004). As stated in the Report and Recommendation, defendant did not produce any evidence to support his burden. In this case, the informant is a mere "tipster" and is not a witness to the facts for the charges alleged in the indictment. See Crenshaw, 359 F.3d at 1005; United States v. Alcantar, 271 F.3d 731, 739 (8th Cir. 2001), cert. denied, 535 U.S. 964 (2002).

The Court is in full agreement with the stated rationale of the Magistrate Judge's recommendations, and will adopt the same.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that defendant Marvin Ford's motion for leave to file his objections to the Report and Recommendation out of time is **GRANTED**. [Doc. 20]

**IT IS FURTHER ORDERED** that the objections of defendant Marvin Ford are **overruled**. [Doc. 20]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein. [Doc. 18]

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress Evidence and Statements is **DENIED**. [Doc. 15 ]

**IT IS FURTHER ORDERED** that defendant's Motion to Disclose Identity of the Confidential Informant is **DENIED**. [Doc. 15]

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this 19th day of January, 2006.